**In the Matter of Joseph M. GILLASPY.**

**No. 29S00–9311–DI–1259.**

Supreme Court of Indiana.

Oct. 7, 1994.

Christopher J. Piazza, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary Donna McCoy Spear, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

Respondent Joseph M. Gillaspy was charged by Verified Complaint for Disciplinary Action with numerous violations of the *Rules of Professional Conduct for Attorneys at Law.* The Disciplinary Commission and Respondent have tendered for this Court's approval a statement of circumstances and conditional agreement for discipline, pursuant to Ind.Admission and Discipline Rule 23(11)(g). Respondent has also submitted his affidavit as contemplated by Admis.Disc.R. 23(17). We approve the agreement, and here set out the facts and circumstances of this case.

Adopting the agreed facts, we now find that Respondent was admitted to the Bar of this state on May 31, 1979, and is therefore subject to this Cou··· ·· · ·· ·rv inrisdiction. When Richard ············ · ··········· ) decided to have a living trust and will made, he went to Art Rothfuss ("Rothfuss") of Benefit Planners, Inc. ("Benefit Planners"). Hamilton agreed to pay Rothfuss, who was not a lawyer, $3,000.00 for his services, plus $120.00 for filing fees. Rothfuss referred Hamilton and Hamilton's wife to James Wilson ("Wilson") of JNW Management Corporation for the purpose of filing a petition for bankruptcy, pursuant to Chapter 13 of the United States Bankruptcy Code. Like Roth-

fuss, Wilson was not a lawyer. On August 1, 1991, a voluntary petition for bankruptcy was filed in United States Bankruptcy Court, Southern Division, Indianapolis, on behalf of Hamilton and his wife. The petition listed Respondent as the attorney of record, even though Wilson had prepared the paperwork relative to the petition. On November 7, 1991, Hamilton and his wife attended the first meeting of creditors, pursuant to Section 341 of the bankruptcy code. At this meeting, Hamilton met Respondent for the first time.

Hamilton did not pay Respondent for the legal services. Respondent received a check for $300.00 from Benefit Planners as payment for the legal services he rendered on behalf of Hamilton. Rothfuss, as president of Benefit Planners, signed the check. Respondent undertook to represent other individuals in bankruptcy matters under circumstances similar to those in the Hamilton bankruptcy.

The agreed facts clearly and convincingly establish that Respondent violated Ind.Professional Conduct Rule 1.4(b) since, having never even met Hamilton or his wife prior to the filing of the bankruptcy petition, Respondent did not explain matters to them to the extent reasonably necessary to permit them to make informed decisions regarding the representation. Because he abdicated the factual and legal analysis of this matter to non-lawyers Rothfuss and Wilson, Respondent failed to provide competent representation and therefore violated Prof.Cond.R. 1.1. Respondent violated Prof.Cond.R. 1.8(f) by accepting compensation from Rothfuss for representing Hamilton, while non-lawyers Rothfuss and Wilson exercised what should have been Respondent's independent professional judgment and confidential lawyer-client relationship between Respondent and the Hamiltons. By sharing fees with Rothfuss and Wilson, allowing them to direct and regulate his professional judgment in rendering legal services, and by assisting Rothfuss and Wilson in activity which constituted the unauthorized practice of law, Respondent violated Prof.Cond.R. 5.4(a), 5.4(c), and 5.5(b).

Now that we have found misconduct, it is the duty of this Court to assess an appropriate disciplinary sanction. Respondent and the Commission have agreed that Respondent should be suspended from the practice of law for ninety days. We are inclined to accept the agreed sanction, noting that Respondent's fee-sharing arrangement with non-lawyers clearly threatened Respondent's independent professional judgment and competence. However, we are also cognizant of the fact that none of the bankruptcy petitioners filed grievances relating to any unprofessional or incompetent representation by Respondent; that Respondent ceased his affiliation with Benefit Planners immediately upon learning that there were ethical problems with the arrangement; and that Respondent was completely cooperative and truthful during the Commission's investigation of this matter. The Commission and Respondent characterize Respondent's dealings with Benefit Planners as resulting from professional naivete, rather than from a willful scheme to take advantage of clients. Such findings lessen Respondent's culpability, but do not excuse his misconduct. We are convinced that Respondent does not pose a continued threat to the public, his clients, or to the Bar, and that a period of suspension adequately addresses his misconduct.

It is, therefore, ordered that Respondent, Joseph M. Gillaspy, is suspended from the practice of law for a period of not less than ninety (90) days, beginning November 14, 1994, with automatic reinstatement to occur immediately after the conclusion of the suspension period.

Costs of this proceeding are assessed against the Respondent.