**In the Matter of Charles F. HEAR.**

No. 29S00–9911–DI–662.

Supreme Court of Indiana.

Sept. 28, 2001.

Kevin McGoff, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

Attorney Charles F. Hear partnered with a non-lawyer to run a debt collection business out of the non-lawyer's home. Respondent Hear allowed the non-lawyer unrestricted and unsupervised access to Hear's letterhead, signature stamp, and business and trust accounts in exchange for a portion of the fees from the debt collection business. Today we approve a *Statement of Circumstances and Conditional Agreement for Discipline* between the respondent and the Indiana Supreme Court Disciplinary Commission, which calls for the respondent's suspension from the practice of law for this misconduct. *See* Ind. Admission and Discipline Rule 23, Section 11.

Having been admitted to the bar of this state in 1993, the respondent is subject to our disciplinary jurisdiction.

The parties agree to the following facts. The respondent engaged the services of a non-lawyer to solicit debt collection clients and to administer and manage the debt collection cases the non-lawyer solicited. The respondent authorized the non-lawyer to use letterhead captioned "Charles F. Hear, attorney at law" and which listed the home address and telephone number of the non-lawyer in Anderson. The respondent never maintained a law office at the non-lawyer's home, but that fact was not known to collection clients or others dealing with the non-lawyer.

The respondent also authorized the non-lawyer to use a rubber stamp of the respondent's signature for use on letters and to make deposits into the respondent's trust account. The respondent turned over physical control of his trust and business accounts by having all checks, deposit slips, and monthly bank statements of his accounts mailed to the non-lawyer.

The non-lawyer, on behalf of the respondent, solicited collection work from a company in the business of purchasing accounts receivable from other companies and thereafter attempting to collect those receivables. That company agreed to send a few collection files to the respondent and to pay the respondent 40 percent of all amounts collected, with the remainder of the funds to be remitted to the company. The respondent and the non-lawyer thereafter agreed that the non-lawyer would be paid a percentage of the 40 percent their business would retain under this arrangement.

The company sent to the respondent a matter involving a credit card debt of approximately $1,700. The non-lawyer used the respondent's letterhead in corresponding with the debtors. The debtors tendered their first payment of $200 to the non-lawyer in the form of a check made

payable to "Charles Hear, attorney at law" as instructed by the non-lawyer. Upon receipt of the check, the non-lawyer deposited it into the respondent's business account. The debtors continued to make payments to the respondent, and the non-lawyer deposited each payment into the respondent's business account. By the end of 1996, the debtors had made at least $800 in payments.

None of the $800 was remitted to the company. Instead, the non-lawyer stole the funds by writing checks to himself or on his behalf from the respondent's business account. All of the checks bore the rubber stamp signature of the respondent.

In 1997, the debtors paid $700 to the respondent, no portion of which was remitted to the company. The non-lawyer deposited the money into the respondent's trust account, which also contained about $5,500 in funds belonging to one of the respondent's clients. The non-lawyer stole a total of $3,524 from the trust account by writing checks to himself or on his behalf and signing them with the rubber stamp of the respondent's signature. The non-lawyer's misdeeds went undetected because the respondent's account records were sent to and maintained by the non-lawyer, and the respondent never reviewed them.

The respondent and the non-lawyer terminated their relationship in 1997. In 1998, the debtors discovered their payments had not been credited and attempted to contact the respondent at the address listed on the letterhead they received. They were unsuccessful, as the non-lawyer had vacated the premises and the telephone had been disconnected.

We find that by failing to safeguard the creditor company's funds in his trust account, the respondent violated Ind. Professional Conduct Rule 1.15(a), which requires a lawyer to hold in a separate account funds belonging to clients or third persons that are in a lawyer's possession in connection with a representation. By failing to notify the creditor company and promptly remit its funds, the respondent violated Prof.Cond.R. 1.15(b), which requires that lawyers promptly notify a client of receipt of funds belonging to the client and promptly deliver those funds to the client. By allowing funds paid by the debtors to be deposited into his business account, the respondent violated Prof. Cond.R. 1.15(c), which provides that when in the course of a representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests.

■ We further find that the respondent, by failing to supervise the non-lawyer, violated Prof.Cond.R. 5.3(a), which requires that a partner in a law firm make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the conduct of a non-lawyer employed or retained by or associated with the firm is compatible with the professional obligations of the lawyer. The respondent, by failing to make reasonable efforts to ensure that the non-lawyer's conduct complied with the respondent's professional obligations, also violated Prof.Cond.R. 5.3(b), which provides that a lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer. By sharing fees from the collection business, the respondent violated Prof.Cond.R. 5.4(a), which prohibits lawyers or law firms from sharing legal fees with a non-lawyer except under circumstances not present here.

■ The respondent, by engaging the non-lawyer to solicit collection work on his

behalf, violated Prof.Cond.R. 7.3(a), which prohibits a lawyer from seeking or recommending by in-person contact (including by telephone) the employment, as a private practitioner, of the lawyer or the lawyer's firm to a non-lawyer who has not sought his advice regarding employment of a lawyer or assisting another person in doing so. By paying the non-lawyer a commission for the business he recruited, the respondent violated Prof.Cond.R.7.3(f), which prohibits a lawyer from compensating or giving anything of value to a person to recommend or secure the lawyer's employment by a client except under circumstances not present here.[1]

 Given our finding of misconduct, we must determine an appropriate discipline. The parties agree that a 100–day suspension from the practice of law is warranted. Where an attorney allowed non-lawyers to list him as counsel of record in bankruptcy cases in which the non-lawyers rendered all of the advice and prepared all filings, we imposed a 90–day suspension. *Matter of Gillaspy,* 640 N.E.2d 1054 (Ind.1994). Thus, we find that the 100–day suspension to which the parties have agreed is an appropriate sanction for the respondent's misconduct.

Accordingly, the respondent, Charles F. Hear, is hereby suspended from the practice of law for 100 days, beginning October 30, 2001, at the conclusion of which he shall be automatically reinstated.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

---

1. The Commission has withdrawn charges that the respondent violated Prof.Cond.R. 8.1(a) and 8.4(c) by providing false information to the Commission during its investigation of this case.. In preparing his response, the respondent relied on information provided by the non-lawyer, who falsified the information as part of his efforts to conceal his misdeeds. While the parties agree the respondent acted recklessly in continuing to rely on the non-lawyer for information after the allegations of misconduct were submitted to the respondent, the parties agree the respondent did not possess the intent to deceive the Commission when he made the erroneous statements to the Commission.